SAMUEL, Judge.
On January 15, 1962 plaintiff, as holder and owner of defendant’s $20,700.00 mortgage note, filed this suit for executory process alleging that more than three $200.-00 monthly payments on the note were delinquent, and had an order for such process signed. The act of mortgage stipulated that in the event of non-payment of any two installments promptly upon the date due the note would become due and exigible in full at the option of the holder.
*485 On June 29, 1962 a supplemental petition was filed alleging the note was then more than four installments delinquent, the defendant had failed to pay a fire insurance premium of $60.00 as required under the act of mortgage, the defendant then owed $15,903.13 plus interest from May 1, 1962, and the sheriff had been unable to serve the defendant with the original petition. This supplemental petition prayed for the appointment of a curator to represent the defendant. In other .respects it reiterated the original petition.
A new order of executory process was signed by the trial court and a curator was appointed. Pursuant to the writ of execu-tory process the property was advertised for sale on September 6, 1962.
On September 4, 1962 defendant (we refer to the mortgagor as “defendant”) filed a petition seeking an injunction to arrest the sale on the ground that enforcement of the debt secured by the mortgage was premature because the note under its terms called for the payment of $200.00 per month, principal and interest, and plaintiff’s petition showed on its face that more had been paid on the note than was called for under its terms. Defendant’s petition alleged : as of September 1, 1962, only 44 in-installments had matured, at $200.00 each a total of $8,800.00, which, credited first to interest at 8% (as provided by the note), would call for the payment of $5,768.00 in interest and $3,032.00 in principal leaving a balance due of $17,668.00 and as plaintiff’s petition recites only $15,903.13 was due the petition shows on its face that defendant has paid more than was called for under the note, having paid a total of $11,000.00 which is in excess of the 44 installments of $200.00 each.
On September 5, 1962 a hearing was held on a rule to show cause why a preliminary injunction arresting the sale should not issue. By stipulation the matter was submitted on the pleadings and documents filed. On September 6, 1962 the trial court issued a .restraining order against the .plaintiff and the Civil Sheriff of the Parish of Orleans preventing them from proceeding with the sale of the property on that day and gave plaintiff permission to amend his pleadings prior to a further hearing on the preliminary injunction.
On September 11, 1962 plaintiff filed a second supplemental petition which contained the following additional allegations: Defendant had originally mortgaged three pieces of property in the one act of mortgage and only two of these were the subject of the foreclosure proceedings. The act granted mortgagor the right to pay additional amounts on the principal, beyond the regular monthly installments, provided that the mortgagor pay an additional 5% on such amounts. The third piece of property, covered by the mortgage, and not included in the executory proceedings, was sold for $9,500.00 under an agreement between plaintiff and defendant whereby that piece of property was released from the mortgage, the additional 5% penalty was waived, and defendant made a single payment on the mortgage in the amount of $6,125.52. The note was paraphed accordingly. Plaintiff also agreed that he would not exercise his option of declaring all installments due and exigible if defendant paid $145.00 per month instead of the $200.00 a month called for in the note.
Thereafter defendant filed exceptions of no cause or right of action and of prematurity, together with an answer to plaintiff’s petition in which she admitted the sale of one piece of the property, the payment of $6,125.52 on the note, the partial release of the mortgage, and that the balance due on the note was the same figure stated by plaintiff, $15,903.13.
The -matter was submitted for adjudication on the pleadings and exceptions. The trial court maintained the exceptions of prematurity and no cause of action, dismissed plaintiff’s suit, and issued a preliminary injunction preventing the sale under the writ of executory process. Plaintiff has appealed.
*486 In effect, defendant’s contention is that the lump sum payment of $6,125.52 realized from the sale of one piece of the mortgaged property relieved her from the obligation to pay future monthly installments until such time as the total amount of the installments immediately following the payment equaled the total amount of that payment. We cannot agree with the contention. Nothing in the act of mortgage changes the mortgagor’s obligation to make monthly payments as required by the note and the act. Under that act, regardless of the size of any additional payment, she was .required to make continuing regular monthly payments until such time as the total indebtedness was liquidated. Plaintiff contends the same is true under the agreement by which defendant was also . required to continue making monthly payments until the indebtedness was liquidated.
Defendant has offered no proof to the contrary; nor does she contend, even disregarding her failure to pay the insurance premium, that she was not delinquent in making payments under the lesser figure of $145.00 per month. Plaintiff’s willingness to accept monthly payments of $145.00 instead of $200.00 was not a reformation of the note. See White System of New Orleans, Inc. v. Lehmann, La.App., 144 So.2d 122. Nor was the agreement a novation. See Rex Finance Company v. Cary, La.App., 145 So.2d 672; T. B. Jordan & Co. v. M. & A. Anderson, 29 La.Ann. 749; LSA-C.C. Arts. 2185 et seq.
For the reasons assigned, the judgment appealed from is set aside, annulled and reversed and it is now ordered that the preliminary injunction prayed for in the petition to arrest the sale of the mortgaged property be denied, the rule to show cause why an injunction should not issue be recalled and discharged, and the said petition to arrest the sale be dismissed; all costs to be paid by the defendant, Clara Dorsey.
Reversed and rendered.