649 So.2d 1130 (1995)
Charles E. MILLER, et ux., Plaintiffs-Appellees,
v.
Whitney POTIER, et ux., Defendants-Appellants.
No. 94-1000.
Court of Appeal of Louisiana, Third Circuit.
February 1, 1995.
Michael A. Harris, Breaux Bridge, for Charles E. Miller et ux.
Archie Paul Joseph, Breaux Bridge, for Whitney Potier et ux.
Before DOUCET, THIBODEAUX and SULLIVAN, JJ.
DOUCET, Chief Judge.
This is an appeal from a judgment in favor of the plaintiffs in a suit on a promissory note.
The record contains neither a transcript of the trial nor narrative of facts. However, the following facts have been gleaned from the trial judge's reasons for judgment and the exhibits found of record.
On July 2, 1991, the plaintiffs, Charles and Darlene Miller, sold the defendants, Whitney and Rebecca Potier, a parcel of land and a mobile home via credit sale. In connection with the sale, the defendants executed a promissory note for $32,000 payable to the plaintiffs, Charles and Darlene Miller. The interest rate on the note was 12%. The note was payable in 120 monthly installments of *1131 $427.29 beginning July 1, 1991. It provided for 25% attorney's fees in case of default. A counter letter was also executed. It stated that: "At any time, Whitney Potier and Rebecca Potier may satisfy the Credit Sale with Mortgage by payment of the sum of THIRTY THOUSAND AND NO/100 ($30,000.00) DOLLARS." The Potiers paid the first installment. In September 1991, the Potiers made a lump sum payment of $14,000 with money from a worker's compensation settlement received by Mr. Potier. Mr. Potier's attorney forwarded the funds to the Miller's attorney, Michael Harris. According to a letter accompanying the check, the money was to be used to pay off a pre-existing mortgage on the property. The Potiers were sent a copy of the letter. Donna Latiolais, secretary to Mr. Harris, testified that the plaintiff's were made aware of pre-existing mortgages on the property at least a week before the sale. To the contrary, Mrs. Potier testified at trial that she discovered that there was a mortgage on the property only in September 1991 when she went to the St. Martin Parish Clerk of Court's office. She called the mortgage holder, Roy Castille. She testified that he told her that the mortgage was being foreclosed upon and that she and her husband should move. There is nothing else of record that shows that the property was being foreclosed upon. The Potiers left the property and stopped making mortgage payments. A certificate of cancellation was entered into evidence. It shows that the mortgage in favor of Mr. Castille was canceled on October 10, 1991. In July 1992, a chattel mortgage on the mobile home was canceled.
On January 15, 1992, the Millers sued to collect the sums due on the promissory note. The plaintiffs answered. As a defense, they asserted that the September lump sum payment was meant to pay the monthly installments until August 1994.
Defendants also filed a reconventional demand for recision of the sale and return of the money paid. In connection with the reconventional demand they claimed that the Millers breached their warranty of peaceable possession since the credit sale stated that the property was free and clear of encumbrances.
After a trial on the merits the trial judge found in favor of the plaintiffs. He rejected the Potiers' reconventional demand for recision The Potiers appeal.
Since we have no transcript of the trial our review is necessarily limited. As was stated in Carter v. Barber Bros. Contracting Co., Inc., 623 So.2d 8, 10 (La.App. 1 Cir.), writ denied, 629 So.2d 1180 (La.1993): "The appellant has the duty to secure either a transcript of the testimony or a narrative of facts; the inadequacy of the record is imputable to the appellant." See also Preuett v. Preuett, 517 So.2d 848 (La.App. 3 Cir.1987).
"Where, as in this case, there is no transcript, no narrative of facts by the parties or by the trial judge, the judgment of the trial court is presumed to be supported by competent evidence. Succession of Walker, [276 So.2d 372 (La.App. 2d Cir.), writ granted, 279 So.2d 691 (La. 1973), affirmed, 288 So.2d 328 (La.1974)]; Bourque v. L.C. Electro-Comm. Inc., 460 So.2d 18 (La.App. 1st Cir.1984); Miller v. Miller, 480 So.2d 789 (La.App. 3rd Cir. 1985), writ denied 481 So.2d 1337 (La. 1986); Gulling v. E.I. Dupont de Nemours and Company, 228 So.2d 750 (La.App. 4th Cir.1969).
Said another way, review is limited to determining whether the trial court correctly applied the law to the facts it "found." Smith v. Gilmer, 488 So.2d 1143 (La.App. 2d Cir.1986). Those facts can often be gleaned from the trial court's written reasons for judgment. When a record contains written reasons for judgment by a trial judge which reveals substantially all of the material testimony, and the record is sufficiently complete to permit full consideration of the issues presented on appeal, the reasons for judgment will be considered in lieu of the narrative of the facts required by LSA-C.C.P. Art. 2131. Moity v. Guillory, 430 So.2d 1243 (La.App. 1st Cir.1983), writ denied 437 So.2d 1148 (La.1983); Robinson v. Jackson, 255 So.2d 846 (La.App.2d Cir.1971), writ denied 260 La. 700, 257 So.2d 155 (1972); Paige v. *1132 Tregre, 283 So.2d 777 (La.App. 1st Cir. 1973), writ not considered, 284 So.2d 335 (La.1983)."
Simmons v. Yelverton, 513 So.2d 504, 506-507 (La.App. 2 Cir.1987). Accordingly, we will limit our review to a consideration of whether the trial judge correctly applied the law to his factual findings.
On appeal the Potiers are apparently reasserting their main defenses from the trial level. They claim that the lump sum payment was meant as a pre-payment of future installments, and represented payment of the installments through July, 1994. On this point, the trial judge found as follows:
"Unfortunately, the promissory note does not address the effect of a lump sum payment. However, after consideration of the evidence presented, this Court finds both plaintiffs and defendants anticipated the worker's compensation settlement would have satisfied the entire debt. However, the settlement only yielded a net payment to the plaintiffs of $14,000. As a result, approximately $18,500.00 remains due on the promissory note, of which the defendants have not made the required monthly payments since September 1991. Accordingly, the defendants are in default of the terms of the promissory note."
In Durr v. Dorsey, 153 So.2d 484, 486 (La. App. 4 Cir.), writ refused, 244 La. 1016, 156 So.2d 225 (La.1963) the court found that a lump sum payment of part of the indebtedness under a note did not relieve the mortgagor of her obligation to made monthly installment payments.
"Nothing in the act of mortgage changes the mortgagor's obligation to make monthly payments as required by the note and the act. Under that act, regardless of the size of any additional payment, she was required to make continuing regular monthly payments until such time as the total indebtedness was liquidated."
Having reviewed the terms of the note considering this ruling, we find nothing therein which would allow a lump-sum payment to relieve the Potiers of the obligation to make monthly installment payments. It provides for installment payments to be made "... beginning on the 1st day of July 1991, and due and payable on the 1st of each month thereafter, until paid ..." Accordingly, we find no error in the trial judge's determination that the payment was a principal reduction rather than a pre-payment of installments.
The Potiers next argue that the encumbrances constituted a breach of an express warranty contained in the credit sale. This breach, they argue, caused them to be disturbed in their peaceable possession of the property by actual eviction. They further argued that the trial judge erred in allowing the parole evidence of Donna Latiolais and the letter from Mel Credeur to vary the terms of the mortgage.
Concerning the admission of parole evidence, we are unable to find error. Lacking a transcript we are unable to detect whether a contemporaneous objection was made to its admission. In light of Carter, Preuett and Simmons v. Yelverton, supra., we must consider the parole evidence to have been properly admitted and the trial judge's factual findings with regard thereto to have been correct.
The trial judge made the following factual findings as to disturbance of peaceable possession:
"The evidence established at trial shows the defendants voluntarily left the property. The only evidence offered to establish an eviction was hearsay evidence by Mrs. Potier that Mr. Castille told them to leave because the property was being foreclosed upon. In fact, the defendants' claim of no knowledge of prior mortgages is controverted by Miss Latiolais' testimony and Mr. Credeur's letter. Further, the mortgage in favor of Mr. Castille was paid and cancelled in October, 1991, at least two months before the plaintiffs filed suit. Further, the title to the mobile home was returned in July 1992. As a result, the only mortgage that encumbers the subject property is the one granted by the defendants in favor of the plaintiffs.
Something went wrong somewhere. When the defendants felt it necessary to leave the property, apparently they met with the plaintiffs and no satisfactory arrangements *1133 could be made. The defendants were in a disadvantageous position but did nothing to correct it but leave the property. Then and now, they still own the property; they could, then and now, maybe have refinanced the loan, perhaps they could have lowered the monthly payments, perhaps they could have sold the property. They did not do any of this; they simply walked off. Now they will have to suffer the consequences of this departure and subsequent failure to pay the notes."
For the reasons previously stated, we must accept the trial judge's factual conclusion that the Potiers were aware of the mortgages before the sale. Therefore we will consider only whether the existence of the prior mortgages and Castille's threat of foreclosure constitute a breach of warranty such as to allow a recision of the sale.
"A vendor must deliver title free of encumbrances and suggestion of future litigation and which is good and merchantable... Property has a merchantable title when it can be readily sold or mortgaged in the ordinary course of business by reasonable persons familiar with the facts and questions involved. Young v. Stevens, 209 So.2d 25 (La.1968)."
Vazquez v. Davis, 466 So.2d 671, 674 (La. App. 5 Cir.), writ denied, 468 So.2d 574 (La. 1985).
However, the existence of mortgages does not necessarily indicate that title is not merchantable. As the court stated in Toler v. Pacific Intern. Petroleum, Inc., 465 So.2d 925, 928 (La.App. 2 Cir.), writ denied, 468 So.2d 1210 (La.1985):
"The existence of a mortgage on property does not provide legal justification for refusing to accept title where the price agreed to be paid for the property is more than sufficient to satisfy the mortgage debt."
The existence of a mortgage would not allow a purchaser to refuse to accept title. Therefore, the mere existence of a prior mortgage would not constitute a breach of the warranty of peaceable possession. Further, even if we were to find that the title to the Potier property was unmerchantable and suggestive of litigation at the time of the sale, the defects in the title were cured within four months of the sale. See Vazquez, supra.
The cases on eviction indicate that, in the absence of actual eviction, it would require a perfected title in another, a judgment against the property, or a non-apparent servitude to constitute a breach of the warranty of peaceable possession. See Sweatman v. Theriot, 610 So.2d 933 (La.App. 1 Cir.1992); Collins v. Slocum, 317 So.2d 672 (La.App. 3 Cir.), writ refused, 321 So.2d 362, 363, 364 (La.1975). In this case, the Potiers were never evicted. Apparently they took the word of a third party that foreclosure was imminent. Rather than verify this, they reacted by vacating the property. In effect, they were evicted by themselves rather than by any defect in title. As a result, we find no error in the trial court's determination that recision of the sale is not called for.
The judgment of the trial court is affirmed. Costs of this appeal are assessed to the Potiers.
AFFIRMED