liWALTZER, Judge.
Plaintiffs-appellants Hattie and Jimmie Chambers (hereinafter “the Chambers”) appeal the dismissal of their suit on a promissory note and the grant of the exception of no cause of action filed by defendant-appellee, Pig Feet, Inc. (hereinafter “Pig Feet”). No written or oral reasons for judgment were provided.

I. STATEMENT OF FACTS

On May 10, 1994 Pig Feet and the Chambers entered into a promissory note. A copy of the note was attached to the Chambers’ petition as Exhibit A; it is reproduced below and contained herein as if copied in toto:
*1040 EXHIBIT A
[[Image here]]
And it is hereby expressly ogreed lhal failure lo pay this note punctually at maturity shall constitute default hereunder or, if this note be payable in installments, that ¡Í default be made in any of the payments of the aforesaid installments when and as the same shall become due and payable, then and in that event the unpaid balance of the aforesaid principal sum al the option of the holder or holders hereof shall become and be due ond payable, and the holder or holders hereof may proceed to have seized and sold the properly described in the act with which this note is identified, given lo secure the same under the terms and in the manner provided in the said act. Every person at any time liable for the payment of the debt evidenced hereby waives any homestead or exemption right against said debt, and waives presentment for payment, demand, protest and notice of non-pnyment of this note and any or oil lack of diligence or delays mcolleclionwluch may occur and consents that the holder or holders may extend the time of payment or otherwise modify the terms of payment of any part or the whole of the debt at any time at the request of any other person liable, and agrees in cose suit be brought for collection hereof or the same has to be collected upon demand of an attorney, tp pay oU the attorney's fees so incurred, which fees arc hereby fixed nl twenty (20) per centum on all amounts, principnl and interest, due ond owing by the majtcr, with n minimum fee of 5100.00.
[[Image here]]
[[Image here]]
*1041 18As shown above, the note contains two installment payments.
The first payment provides for $50,000.00 payable in 60 monthly installments of $966.65 principal and interest, beginning June 10, 1994 with a final payment on May 10, 1999.
The second installment payment provides for $50,000.00 payable in 60 monthly installments of $854.69 principal and interest, beginning June 10, 1999 with a final payment on May 10, 2004.
From June 10, 1994 through March 10, 1995, Pig Feet made monthly payments of $966.65. On March 24, 1995, Pig Feet made a lump sum payment of $50,000.00.
The note is silent as to pre-payment, containing neither a pre-payment penalty clause or other language.
The Chambers credited the $50,000.00 payment to principal, accelerated the note and filed the instant petition which states:
7.
Pig Feet, Inc. made a payment to petitioners in the sum of Fifty Thousand Dollars ($50,000.00) on March 24,1995.
8.
Certain payments were made on account of said note but there remains past due and owing the principal sum of Forty-Two Thousand, Six Hundred and Seventy Dollars and 22/100 ($42,670.22).
9.
Pig Feet, Inc. has failed to make monthly payments to Hattie Allen Chambers wife ofiand Jimmie L. Chambers for the months of April, May, June, July, and August of 1995.
10.
Pursuant to the provisions of the promissory note, Plaintiffs have accelerated the note and the entire unpaid balance of the note is now due and payable. The principal balance due on the note Forty-Two Thousand, Six Hundred and Seventy Dollars and 22/100 ($42,670.22) together with legal interest from April 10, 1995, until paid, and twenty percent (20%) attorney’s fees as provided in said note.
11.
Petitioner has made amicable demand without avail.
pin response Pig Feet filed an exception of no cause of action. In the memo in support thereof, Pig Feet stated:
Review of the facts presented in the petition ... indicates that the amount due to petitioners in accordance with the May 10, 1994 note is current. All monies owed pursuant to the first payment provision, i.e. $50,000.00, have been paid pursuant to the March 24, 1995 payment; which payment petitioners readily acknowledge receipt of in their original petition. Accordingly, no sum is due to petitioners until the second payment provision applies, namely June 10,1999.
The trial court granted the exception of no cause of action and the Chambers appeal.
II. Specifications of Error & Discussion
On appeal plaintiffs argue that “The Court erred in granting the Exception of No Cause of Action in this cause because on the face of the petition, the plaintiff, Chambers, could prove a set of facts in support of the claim that the Defendant is in default of the terms of the promissory note.” We disagree with plaintiffs argument that there is a set of facts which the Chambers could prove which would support their action. The facts are stated in the petition. We find, as a matter of law, that plaintiffs cannot prevail upon the petition for the reasons discussed below.
The note is silent as to pre-payment. LSA-R.S. 9:3509.2 provides:
In the absence of ... contractual provisions by the parties to the contrary, including provisions relative to the terms and conditions of prepayment, the debtor ... may prepay in full ... the unpaid balance of all sums due and owing at that point in time.
The total sum due and owing as of March 24, 1995 was $50,000.00. The second installment of $50,000.00 is not due until June 10, 1999. Civil Code Article 1868 provides:
*1042 When the parties have made no imputation, payment must be imputed to the debt that is already due.
IsLastly in Wartelle v. LeBlanc, 10 La. 556, 557 (La.1837), the Supreme Court stated:
The evidence does not satisfy us, that at the time the remittance was made, Girodel was indebted on any other account than the original purchase made for him by the defendant ... If only one debt was due at the time, the payment can be imputed to no other.
Thus the trial court, accepting the statements in plaintiffs’ petition as trae, correctly granted defendant’s exception of no cause of action.
In support of their argument plaintiffs cite the cases of Miller v. Potier, 94-1000 (La. App. 3 Cir. 2/1/95) 649 So.2d 1130 and Durr v. Dorsey, 153 So.2d 484 (La.App. 4 Cir.1963) writ refused 244 La. 1016, 156 So.2d 225 (La.1963). Neither of these cases apply, because the notes sued upon therein did not contain two installment payment provisions specifying the date on which the second term becomes due.
For the reasons discussed, the judgment of the district court granting the exception of no cause of action is affirmed.

AFFIRMED.