981 So.2d 55 (2008)
Suzanne Bergez MAGGIO
v.
Ronald Louis MAGGIO.
No. 07-CA-983.
Court of Appeal of Louisiana, Fifth Circuit.
March 25, 2008.
Rehearing Denied April 21, 2008.
*56 Pat M. Franz, Michael Baham, Attorneys at Law, Metairie, Louisiana, for Plaintiff/Appellant.
Arita M. Bohannan, Lauren Davey Rogers, Attorneys at Law, Kenner, Louisiana, for Defendant/Appellee-2nd Appellant.
Panel composed of Judges MARION F. EDWARDS, CLARENCE E. McMANUS, and GREG G. GUIDRY.
GREG G. GUIDRY, Judge.
Plaintiff, Suzanne Maggio, appeals from the trial court award of final spousal support, made retroactive to the date of divorce. For the reasons which follow, we amend the effective date and as amended, affirm.
Suzanne Maggio and Ronald Maggio were married on October 13, 1973, and separated on January 13, 2006. Ms. Maggio filed suit for divorce on January 24, 2006, and sought interim spousal support. An interim judgment awarding spousal support in the amount of $1,332.00 per *57 month was signed on March 27, 2006. A judgment of divorce was signed on September 29, 2006. On that same day, Mr. Maggio filed a Motion to Terminate Interim Spousal Support and to Set Final Periodic Spousal Support, requesting that interim support be terminated retroactive to the date of divorce. Following a meeting with the Hearing Officer, an Interim Judgment was signed on January 18, 2007, denying Mr. Maggio's request to terminate interim support. Mr. Maggio objected to this ruling. His objection, as well as the issue of Ms. Maggio's fault, for final support purposes, were considered at a hearing on April 3, 2007. A Judgment was signed that day, denying the motion to reduce or terminate interim support, finding Ms. Maggio free from fault for final spousal support, and ordering "that the Interim Spousal Support previously ordered shall remain in full force and effect until the final spousal support award is determined subject to credit if applicable." A determination as to the amount to be awarded was referred back to the Hearing Officer.
Following the Hearing Officer conference, an Interim Judgment of final spousal support was entered awarding Ms. Maggio $629.00 per month ($524.00 per month for support and $105.00 for taxes), effective April 3, 2007, (the date of the judgment finding Ms. Maggio free from fault). Mr. Maggio objected to both the amount set and the retroactive date. Following a hearing, the district court adopted the recommendations of the Hearing Officer as to the amount of spousal support, but made the award retroactive to the date of divorce, September 29, 2006. It is from this judgment that Ms. Maggio appealed.[1]
On appeal, Ms. Maggio argues that the trial court erred in making the final spousal support award retroactive to and effective as of the date of the divorce, September 29, 2006. Ms. Maggio argues that the effective date of a final spousal support award is governed by La. R.S. 9:321(B)(1) which provides:
A judgment that initially awards or denies final spousal support is effective as of the date the judgment is rendered and terminates an interim spousal support allowance as of that date.
Based on this provision, Ms. Maggio argues that the effective date of her final spousal support award should be June 25, 2007, and not, as set by the trial court, September 29, 2006, the date of her divorce. Ms. Maggio contends her claim is further supported by La. C.C. art. 113, addressing interim spousal support, which provides:
Upon motion of a party or when a demand for final spousal support is pending, the court may award a party an interim spousal support allowance based on the needs of that party, the ability of the other party to pay, and the standard of living of the parties during the marriage, which award of interim spousal support allowance shall terminate upon the rendition of a judgment of divorce. If a claim for final spousal support is pending at the time of the rendition of *58 the judgment of divorce, the interim spousal support award shall thereafter terminate upon rendition of a judgment awarding or denying final spousal support or one hundred eighty days from the rendition of judgment of divorce, whichever occurs first. The obligation to pay interim spousal support may extend beyond one hundred eighty days from the rendition of judgment of divorce, but only for good cause shown.
Mr. Maggio contends that the effective date of the final spousal award is controlled by La. R.S. 9:321(B)(2), which provides:
If an interim spousal support allowance award is not in effect on the date of the judgment awarding final spousal support, the judgment shall be retroactive to the date of judicial demand, except for good cause shown.
Mr. Maggio argues that the interim spousal support award terminated five days prior to the trial on final spousal support as per La. C.C. art. 113, 180 days after rendition of the divorce judgment. Following the April 3, 2007 hearing, the trial court continued interim payments, but, Mr. Maggio contends the trial court continued temporary permanent spousal support and not the interim support award. Thus, under La. R.S. 9:321(B)(2), since an interim spousal support allowance award was not in effect on the date of the judgment awarding final spousal support, the final spousal support award is retroactive to the date of judicial demand, September 29, 2006, the date set by the court herein.
In the Revision Comments of 1997, to La. C.C. art. 113, it was noted
(b) The purpose of an interim allowance is to maintain the status quo without unnecessary economic dislocation until a determination of the amount of final support can be made and until a period of time for adjustment elapses that does not exceed, as a general rule, one hundred eighty days after the judgment of divorce. Generally, the same purpose was attributed to alimony pendente lite under former Civil Code Article 111 by the court in Arrendell v. Arrendell, 390 So.2d 927, 930 (La.App. 2d Cir.1980): "(I)t is designed to preserve and continue the status quo insofar as maintenance and support are concerned. It relates to facts as they have existed during the time the parties were living together and as they actually exist at the time the litigation commences, not to future possibilities and capabilities."
It was also noted in the comments to La. C.C. art. 113:
(e) An award of interim allowance, whether or not there is a pending claim for final spousal support, may not extend beyond one hundred eighty days from the rendition of the judgment of divorce, unless the obligee shows good cause for an extension. Unlike alimony pendente lite, which was terminated by a judgment of divorce (see Wascom v. Wascom, 691 So.2d 678 (La.1997)), the claim for and termination of an interim allowance is independent of the divorce judgment.
Considering the applicable statutes and the comments thereto, we find merit in Ms. Maggio's argument that the trial court erred in ordering that the final spousal support award judgment be retroactively applied and not effective on April 3, 2007. The trial court was acting without statutory authority in so ruling.
As quoted above, La. C.C. art. 113 clearly provides that, in a case such as this, where a claim for final support is pending at the time of the judgment of divorce, "the interim spousal support award shall thereafter terminate upon rendition of a *59 judgment awarding . . . final spousal support." Further, La.R.S.9:321(B)(1), also applicable and quoted above, instructs, more particularly, that a "judgment that initially awards . . . final spousal support is effective as of the date the judgment is rendered and terminates an interim spousal support allowance as of that date." The record in this case indicates that Ms. Maggio was receiving interim spousal support at the time the divorce judgment was rendered and when the judgment awarding final spousal support was rendered. In accord with La. R.S. 9:321(B)(1) the final spousal support judgment became effective as of the date of the judgment, June 25, 2007, and terminated the interim spousal support allowance as of that date.
Mr. Maggio's argument that La. R.S. 9:321(B)(2) is applicable to this case rather than subsection (1) is not supported by the record. While he is correct in his assertion that the interim spousal support award terminated on March 29, 2007, 180 days after the rendition of the divorce judgment on September 29, 2006, and five days before the hearing on fault, he is not correct in his assertion that the trial court did not continue the interim spousal support at the April 3, 2007 hearing. The record indicates that the trial judge expressly stated that he was continuing the interim spousal support, for "good cause" as permitted by La. C.C. art. 113. Therefore, we find no merit in Mr. Maggio's contention that subsection (B)(2) applies rather than (B)(1).
Similarly, we find no merit in Mr. Maggio's argument that the effective date of the commencement of the final spousal support award is a matter of trial court discretion. Mr. Maggio relies on La. R.S. 9:321(E) in support of this argument. However, we find that provision is not applicable here. La. R.S. 9:321(E) provides: "In the event that the court finds good cause for not making the award retroactive to the date of judicial demand, the court may fix the date on which the award shall commence." Under the facts before us, the trial court did not refuse to make the award retroactive when he otherwise should have, a discretionary decision based on "good cause." Rather, in this case, the trial court attempted to make the award retroactive under facts where he was not authorized by law to do so. There is no statutory provision giving the trial court discretion to make the final spousal support award retroactive where interim support was being paid at the time the final support judgment was rendered. The statute very clearly provides that in such a case the final spousal support judgment is effective as of the date the judgment is rendered.
Finally, Mr. Maggio argues that the Hearing Officer procedures violate his due process rights. He contends that for the six months it took to resolve the final spousal support award amount, he had to pay more money in interim support than he would have if the matter had been resolved sooner.
Due process is a flexible standard and calls for such procedural protections as the particular situation demands. Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972); Moore v. Ware, 01-3341, p. 12 (La.2/25/03), 839 So.2d 940, 948. "[The] central meaning of procedural due process is well settled. Persons whose rights may be affected are entitled to be heard; and in order that they may enjoy that right, they must first be notified." Wilson v. City of New Orleans, 479 So.2d 891, 894 (La.1985). Correlatively, this right to notice and opportunity to be heard must be extended at a meaningful time and in a meaningful manner. Fuentes v. Shevin, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972); *60 Armstrong v. Manzo, 380 U.S. 545, 85 S.Ct. 1187, 14 L.Ed.2d 62 (1965); Moore, 01-3341 at 13, 839 So.2d at 949. For the courts to function in an orderly manner, and with equal protection to all, the Constitution not having provided otherwise, it became necessary for the legislature to establish the rules and regulations that would govern the procedure to be followed by those seeking this guaranteed protection, including the issuance of all needful writs and processes. Such procedural statutes will be upheld in our courts so long as they do not violate our basic law. Douglas Public Service Corp. v. Gaspard, 74 So.2d 182, 187, 225 La. 972, (La. 1954).
Mr. Maggio has not alleged an undue delay in his proceedings or that he was treated any differently than any other litigant. Equal access to the courts is a right of all citizens that necessarily incorporates delays. The Hearing Officer process was legislatively authorized and enacted to expedite domestic matters, particularly, among others, support cases. La. R.S. 46:236.5, which authorizes the use of hearing officers in domestic cases, provides in pertinent part:
C. An expedited process for the establishment of paternity and the establishment and enforcement of support using hearing officers shall be implemented as follows:
(1) The judge or judges of the appropriate court or courts for the establishment of paternity or the establishment and enforcement of support and other domestic and family matters may appoint one or more hearing officers to hear paternity, support, and other domestic and family related matters.
Based on the foregoing, we find no merit in Mr. Maggio's argument that he was denied due process by the delays involved in his decision to unsuccessfully contest his former spouse's right to final spousal support and to have the amount of support set.
Accordingly, for the reasons provided above, we amend the retroactive date of the final spousal support award to the date it was rendered, June 25, 2007, and in all other respects affirm the trial court judgment.
AMENDED; AS AMENDED, AFFIRMED.
NOTES
[1] Mr. Maggio also filed a motion for appeal. However, as provided in La. C.C.P. art. 3942 and 3943, a party only has 30 days to file a motion for appeal in a case where support is awarded. Mr. Maggio's motion, filed on August 22, 2007, was not filed timely. Mr. Maggio did not file an answer to the appeal. Assigned errors in an appellate brief, that request amendment of a judgment in favor of a party not appealing, are not considered except in defense of the judgment. Miceli v. Riso, 02-810 (La.App. 5 Cir. 1/14/03), 839 So.2d 141 (Footnote 3). Accordingly, in the absence of a timely motion for appeal or Answer to the Appeal, Mr. Maggio's assigned errors are not considered.