# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## 17-946

**JEANNE BIENVENU PELLERIN**

**VERSUS**

**GILBERT PAUL PELLERIN, JR.**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 125541
HONORABLE LORI LANDRY, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**JOHN D. SAUNDERS**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, John D. Saunders, Marc T. Amy, Elizabeth A. Pickett and Van H. Kyzar Judges.

**REVERSED AND RENDERED.**

**Thibodeaux, Chief Judge, dissents with reasons.**

**Diane A. Sorola**
**Attorney at Law**
**402 W. Convent Street**
**Lafayette, LA 70501**
**(337) 234-2355**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Gilbert Paul Pellerin, Jr.**

**Susan Theall**
**Attorney at Law**
**1304 Lafayette Street**
**Lafayette, LA 70501**
**(337) 264-9000**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **Jeanne Bienvenu Pellerin**

**SAUNDERS, Judge**

In this case, we must decide whether the retroactive date of an award of final spousal support is incorrect. We must also decide whether Defendant's rule to modify child support is frivolous and deserving of sanctions.

**FACTS AND PROCEDURAL HISTORY:**

Defendant, Gilbert Paul Pellerin, Jr. ("Mr. Pellerin"), and Plaintiff, Jeanne Bienvenue Pellerin ("Mrs. Pellerin"), married in 1994, separated in 2014, and divorced in 2016. Of their marriage, four children were born, three of whom were under the age of majority at the time of trial. The former community was terminated on December 22, 2014. La. Civ. Code. art. 159.

The litigation between the parties continued, and on April 24, 2015, pursuant to a provisional support order, Mr. Pellerin was ordered to pay Mrs. Pellerin $4,572.62 per month in child support effective May 1, 2015. That amount was based on Mr. Pellerin's average gross monthly income of $28,333.00, and Mrs. Pellerin having no income. Pursuant to that order, Mr. Pellerin was also ordered to pay interim spousal support, without prejudice to either party's right to seek a different disposition of the issues by the court. In addition, a joint custody plan was signed into judgment wherein the parties were granted joint custody of their children with Mrs. Pellerin designated as the domiciliary parent.

On September 14, 2015, Mr. Pellerin filed a motion to terminate the parties community regime and adjust support based upon the oldest child attaining the age of majority.

On October 21, 2015, the parties stipulated, via consent judgment, to a modified child support award of $4,150.00 per month retroactive to September 15, 2015. That amount was based on the oldest child having attained the age of majority, Mr. Pellerin's average gross monthly income of $35,689.00, and Mrs.

Pellerin's imputed monthly income of $1,257.00. In that judgment, Mr. Pellerin agreed to the continued payments of contractual spousal support on the same terms and conditions as the provisional support order, without prejudice to either party's right to seek a different disposition of the issues by the court.

On April 15, 2016, Mrs. Pellerin filed a rule for final spousal support. Judgment of divorce was rendered on April 20, 2016.

On October 17, 2016, Mrs. Pellerin filed a joint motion and order to continue the rule for final spousal support, to which Mr. Pellerin had no opposition. That order states, in pertinent part, (emphasis added):

> **[T]he parties agree to contractual spousal support on the same terms and conditions as the current interim spousal support order, which will last up and until the issue of Final Periodic Spousal Support is decided through trial or consent judgment.** This agreement is made because of extenuating circumstances, and will in no way affect the rights of either party with respect to Final Periodic Spousal Support and is agreed to, by all, in order to keep the status quo during any time after Interim Periodic Spousal Support terminates.

On December 15, 2016, the parties stipulated, via consent judgment, to a modified child support award of $5,455.00 per month effective on that date. That amount was based on Mr. Pellerin's average gross monthly income of $43,960.00, and Mrs. Pellerin's imputed monthly income of $1,200.00. In that judgment, Mr. Pellerin agreed to the continued contractual spousal support on the same terms and conditions as the current interim spousal support, without prejudice to either party's right to seek a different disposition of the issues by the court

On January 12, 2017, Mr. Pellerin filed a rule to modify child support, wherein he alleged the following:

(1) His earnings for 2016 included additional shifts at two different hospitals with income derived therefrom totaling about one-third of his salaried earnings without bonuses;

(2)    Due to changes in the staffing of the two (2) hospitals providing his extra shifts, he is no longer earning income he had earned previously;

(3)    He is burdened with the payment of extraordinary community debt;

(4)    His reduced income occurred through no fault of his own;

(5)    His ability to earn extraordinary income is outside his normal employment, and there is no method to calculate these earnings, which would be speculative;

(6)    His reduced income represents a material change in circumstances.

At the conclusion of the trial on May 22, 2017, the parties were given an opportunity and deadline for post trial briefs, and the matter was fully submitted on June 2, 2017.

In its judgment rendered on July 25, 2017, the trial court denied Mr. Pellerin's motion to modify child support, found the filing of the motion to be frivolous, cast him with all court costs, and awarded attorney's fees in the amount of $1,000.00 to Mrs. Pellerin. The trial court further held that Mrs. Pellerin was entitled to $3,600.00 per month in final spousal support retroactive to April 20, 2016, the date judgment of divorce was rendered.

Mr. Pellerin timely filed a motion for devolutive appeal. Pursuant to that motion, Mr. Pellerin is presently before this court alleging two assignments of error.

## ASSIGNMENTS OF ERROR:

1. The Trial Court erred in ordering that the award of Final Periodic Spousal Support be made retroactive to April 20, 2016, the date upon which the parties' Judgment of Divorce was signed.

2. The Trial Court erred, as a matter of law, in finding that Defendant/Appellant's Motion to Reduce Child Support was frivolous, and thereafter, awarding attorney's fees to the Plaintiff/Appellee.

3

## ASSIGNMENT OF ERROR NUMBER ONE:

In his first his assignment of error, Mr. Pellerin argues that the trial court erroneously awarded Mrs. Pellerin final spousal support retroactive to April 20, 2016, the date judgment of divorce was rendered. We find merit to this contention.

When an issue raised on appeal posits a question of law, the standard of review is de novo wherein the appellate court's conclusion on the issue determines whether the lower court was legally correct. *Tran v. Williams*, 10-1030 (La.App. 3 Cir. 2/9/11), 56 So.3d 1224.

In *Hulshoff v. Hulshoff*, 11-1055, p. 5 (La.App. 3 Cir. 12/7/11), 81 So.3d 57, 62, this court stated:

> "A consent judgment is a bilateral contract between the parties by which the parties adjust their differences by mutual consent, with each party balancing his hope of gain against his fear of loss." *Horrigan v. Horrigan*, 10–1377, p. 5 (La.App. 1 Cir. 6/14/11), 70 So.3d 111, 114. See also *Lytle v. Commercial Ins. Co. of Newark, N.J.*, 285 So.2d 289 (La.App. 3 Cir.1973). As a consent judgment is a type of contract between the parties, its interpretation is governed by the determination of the common intent of the parties . . ."

Louisiana Revised Statutes 9:321 states, in pertinent part (emphasis added):

> B. (1) A judgment that **initially awards** or denies **final spousal support** is **effective as of the date the judgment is rendered** and terminates an interim spousal support allowance as of that date.

> (2) If an interim spousal support allowance award **is not** in effect on the date of the judgment awarding final spousal support, the judgment shall be retroactive to the date of judicial demand, **except for good cause shown.**

In *Maggio v. Maggio*, 07-983, pp. 7 (La.App. 5 Cir. 3/25/08), 981 So.2d 55, 59, the fifth circuit stated (emphasis added):

> There is **no statutory provision** giving the trial court discretion to make the final spousal support award retroactive **where interim support was being paid at the time the final support judgment was rendered.** The statute very clearly provides that in such a case **the final spousal support judgment is effective as of the date the judgment is rendered.**

In the instant matter, a provisional support order established the initial child support award. Thereafter, the Pellerins stipulated, via consent judgment, to modify the stipulated child support awards. In each of those judgments, Mr. Pellerin agreed to the continued payments of interim spousal support. Subsequently, Mrs. Pellerin filed a rule for final spousal support, and later, a motion and order to continue that rule. The order, drafted by Mrs. Pellerin's attorney, provided for a different disposition by the court on one specific aspect of any future award of final periodic spousal support, to wit: the retroactive date. Moreover, the order distinctly reflected the intent of the parties that Mrs. Pellerin's interim spousal support "will last up and until the issue of final periodic spousal support is decided through trial or consent judgment."

Effectively, the order contained provisions particularly designed to benefit Mrs. Pellerin by extending the interim spousal support award past the time it would have expired by operation of law. The order did not affect how much final periodic spousal support Mrs. Pellerin should be awarded. As such, we find that the interim spousal support award continued to be in force and effect on the date judgment was rendered awarding final spousal support. Accordingly, we reverse the trial court's judgment on this issue and find that the retroactive date of the final spousal support award shall be the date upon which the trial court decided the issue of final spousal support, and the interim spousal support allowance is terminated as of that date.

**ASSIGNMENT OF ERROR NUMBER TWO:**

In his second assignment of error, Mr. Pellerin argues that the trial court erred in finding that his motion to reduce child support was frivolous, such that it warranted sanctions. We find merit to this contention.

Under manifest error or clearly wrong standard of review, an appellate court must determine whether the trial court committed an error of law or made a factual finding that was manifestly erroneous or clearly wrong and must review the record in its entirety to make this determination. *Blackshear v. Golden Age Nursing Center, LLC*. 14-723 (La.App. 3 Cir. 2/4/15), 158 So.3d 179.

Louisiana Code of Civil Procedure Article 863 (emphasis added) provides, in pertinent part:

> B. Pleadings need not be verified . . . but the signature of an attorney or party shall constitute a certification by him that he has read the pleading, and that to the best of his knowledge, information, and belief formed after reasonable inquiry, he certifies all of the following:
>
> (1) The pleading **is not** being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation.
> (2) Each claim, defense, or other legal assertion in the pleading is warranted by existing law or by a **nonfrivolous argument** for the extension, modification, or reversal of existing law.

Louisiana Revised Statutes 9:311 provides, in pertinent part:

> A. (1) An award for support shall not be modified unless the party seeking the modification shows a material change in circumstances of one of the parties between the time of the previous award and the time of the rule for modification of the award.
>
> . . . .
>
> E. If the court does not find good cause sufficient to justify an order to modify child support or the motion is dismissed prior to a hearing, it may order the mover to pay all court costs and reasonable attorney fees of the other party if the court determines the motion was frivolous.

Material is defined as "a change in circumstances having real importance or great consequences for the needs of the child or the ability to pay of either party." La. R.S. 9:311 cmt. (a).

In *Strogner v. Strogner*, 93-3044 p. 12 (La. 7/7/99), 739 So.2d 762, 770 (footnote omitted), the supreme court noted:

> In the evaluation of these cases, there is no bright line rule as to what constitutes a change of circumstances to warrant modification. Rather, as noted in *Rousseau v. Rousseau*, 96-502 (La.App. 3 Cir. 12/26/96), 685 So.2d 681, 682:
>
> > [T]he party asking for an increase [or decrease] need only prove a change of circumstances sufficient to justify the increase [or decrease] in child support . . . Sometimes the change in circumstances will be substantial and sometimes not; the magnitude of the change of circumstances is peculiar to the facts of a particular case. Simply stated, the type of change in circumstance is presented and determined on a case by case basis.
> >
> > The application of that rule, as so many other related matters, concerning modification of child support clearly falls within the great discretion of the trial court. Accordingly, each case will rise or fall on the peculiar facts adduced and an appellate court will not disturb the trial court's decision in these matters, absent clear abuse of discretion. *Rousseau*, 685 So.2d at 683.

Our examination of the record reveals that pursuant to the December 15, 2016 consent judgment and its attached Joint Obligation Worksheet, Mr. Pellerin's gross monthly income, as agreed by the parties, was $43,960.00 per month, and Mrs. Pellerin's imputed income was $1,200.00 per month. As such, the Pellerins stipulated to $5,454.76 per month for the support of the three (3) minor children.

At the May 22, 2017 hearing, pursuant to Mr. Pellerin's motion to modify child support, the trial court made a factual finding that the "Evidence . . . supports at a minimum Mr. Pellerin's 'reduced' income reflects a monthly average of $30,000.00 through March 2017. Assuming the trial court's factual finding is correct, under the Louisiana Child Support Guidelines Mr. Pellerin's support obligation for a monthly income of $30,000.00, for three (3) minor children would be $4,467.00, approximately $1,000.00 less than he is presently paying.

Of significance, there is a rebuttable presumption that the amount of child support calculated under the guidelines is the proper amount of child support to be awarded. La.R.S. 9:315.11; *Montgomery v. Waller*, 21,853 (La.App. 2 Cir. 12/5/90), 591 So.2d 765. Furthermore, in accordance with La.R.S. 9:315.11(B), a court should not impute income to the unemployed spouse if it would increase the obligation of the payor spouse, as the trial court has in this case. Therefore, had the trial court used Mr. Pellerin's gross monthly income of $30,000.00 to calculate his support obligation, pursuant to the Louisiana Child Support Guidelines, his support obligation would have been reduced by approximately 1,000.00 per month, which is not an insignificant amount and which we find constitutes a material change.

We are cognizant of the fact that there is no bright line rule as to what constitutes a change of circumstances to warrant modification. In the instant matter, our review of the record reveals that under the facts of this case, Mr. Pellerin had the right to assert his right to a modification of support, based on his reduced income, which occurred through no fault of his own, without fear of exposing himself to heavy penalty. However, in the instant matter, he appeals only the assessment of the penalty. As such, we find that that the trial court abused its discretion in finding that Mr. Pellerin's motion was frivolous and in awarding attorney fees of $1,000.00 to Mrs. Pellerin. Accordingly, we reverse the trial court's judgment awarding attorney fees.

Costs of these proceedings are assessed to Mrs. Pellerin.

## CONCLUSION:

Gilbert Pellerin asserts two assignments of error as to why the trial court erred in ordering that the award of final spousal support be made retroactive to April 20, 2016, the date upon which the parties' judgment of divorce was signed,

8

and in finding that Mr. Pellerin's motion to reduce child support was frivolous, such that it warranted sanctions. Finding merit to Mr. Pellerin's first assignment of error, we reverse the trial court's judgment on this issue, holding: (1) the retroactive date of the final spousal support award shall be July 25, 2017, the date upon which the trial court decided the issue of final spousal support; and (2) the interim spousal support allowance is terminated as of that date. We also find merit to Mr. Pellerin's second assignment of error that the trial court erred in finding that his motion to reduce child support was frivolous, such that it warranted sanctions. Accordingly, we reverse the trial court's judgment awarding attorney fees of $1,000.00 to Mrs. Pellerin.

Costs of these proceedings are assessed to Mrs. Pellerin.

**REVERSED AND RENDERED.**

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

17-946


JEANNE BIENVENU PELLERIN

VERSUS

GILBERT PAUL PELLERIN, JR.


**THIBODEAUX, Chief Judge, dissenting.**


I disagree with the reversal of the trial court judgment.

There is no transcript at all to rely upon. It is the appellant's duty to request a transcript so that facts can actually be determined. The jurisprudence is clear that the lack of a transcript necessarily limits our review. We have to determine under these circumstances whether "the trial court correctly applied the law to the facts it 'found'." . . . "when a record contains written reasons for judgment by a trial judge which reveals substantially all of the material testimony, and the record is sufficiently complete to permit full consideration of the issues presented on appeal, the reasons for judgment will be considered in lieu of the narrative of the facts required by LSA-C.C.P. Art. 2131." *Miller v. Potier*, 94-1000 (La.App. 3 Cir. 2/1/95), 649 So.2d 1130, 1131. The law is clear that, under the circumstances of this case where there is no transcript, we simply have to consider whether the trial judge correctly applied the law to her factual findings.

Here, we have to rely on the trial judge's extensive reasons for judgment since there is no transcription of the record. For example, how do we know that Mr. Pellerin's income was reduced "through no fault of his own?" We do not and

cannot because there is no testimony. To the contrary, the trial court found that Mr. Pellerin "brought no one to substantiate his assertion of reduced on-car coverage. As a matter of fact, on cross-examination, it was clear that he continues to do on-car work at will and compensation for same has not changed." Moreover, according to the reasons of the trial judge, Mr. Pellerin's "testimony regarding his income was supported and vague at best and some of his testimony was simply incredible." Finally, the trial court noted that "[i]t was clear that Mr. Pellerin has access to proceeds that would substantially reduce the community debt but he has failed to take advantage of this opportunity." We have to rely on these "facts" according to *Miller v. Potier*.

Thus, I would find that his motion was frivolous, particularly in view of the fact that he filed it within a month after they agreed to a certain amount of child support. I would affirm the judgment of the trial court on the issue of whether his motion to reduce child support was frivolous and would affirm the award of attorney fees to Mrs. Pellerin.

Judge Saunders refers to an Order of October 17, 2016 where the parties "agreed" to contractual spousal support on the same terms and conditions as the current interim spousal support. Again, there is no agreement, and we cannot infer otherwise. The "Order" was signed by only one attorney and had not even been approved by the court. Thus, there was no agreement to set a date upon which final periodic spousal support would become retroactive. Again, because there is no transcript, we have to rely on the findings and rulings of the trial court. There is nothing in the record which says that or suggest that the trial court was in error in fixing the retroactive date to April 20, 2016.

For the foregoing reasons, I respectfully dissent.

2