THIBODEAUX, Chief Judge, dissenting.
I disagree with the reversal of the trial court judgment.
There is no transcript at all to rely upon. It is the appellant's duty to request a transcript so that facts can actually be determined. The jurisprudence is clear that the lack of a transcript necessarily limits our review. We have to determine under these circumstances whether "the trial court correctly applied the law to the *84 facts it 'found'." ... "when a record contains written reasons for judgment by a trial judge which reveals substantially all of the material testimony, and the record is sufficiently complete to permit full consideration of the issues presented on appeal, the reasons for judgment will be considered in lieu of the narrative of the facts required by LSA-C.C.P. Art. 2131." Miller v. Potier , 94-1000 (La.App. 3 Cir. 2/1/95), 649 So.2d 1130, 1131. The law is clear that, under the circumstances of this case where there is no transcript, we simply have to consider whether the trial judge correctly applied the law to her factual findings.
Here, we have to rely on the trial judge's extensive reasons for judgment since there is no transcription of the record. For example, how do we know that Mr. Pellerin's income was reduced "through no fault of his own?" We do not and cannot because there is no testimony. To the contrary, the trial court found that Mr. Pellerin "brought no one to substantiate his assertion of reduced on-car coverage. As a matter of fact, on cross-examination, it was clear that he continues to do on-car work at will and compensation for same has not changed." Moreover, according to the reasons of the trial judge, Mr. Pellerin's "testimony regarding his income was supported and vague at best and some of his testimony was simply incredible." Finally, the trial court noted that "[i]t was clear that Mr. Pellerin has access to proceeds that would substantially reduce the community debt but he has failed to take advantage of this opportunity." We have to rely on these "facts" according to Miller v. Potier .
Thus, I would find that his motion was frivolous, particularly in view of the fact that he filed it within a month after they agreed to a certain amount of child support. I would affirm the judgment of the trial court on the issue of whether his motion to reduce child support was frivolous and would affirm the award of attorney fees to Mrs. Pellerin.
Judge Saunders refers to an Order of October 17, 2016 where the parties "agreed" to contractual spousal support on the same terms and conditions as the current interim spousal support. Again, there is no agreement, and we cannot infer otherwise. The "Order" was signed by only one attorney and had not even been approved by the court. Thus, there was no agreement to set a date upon which final periodic spousal support would become retroactive. Again, because there is no transcript, we have to rely on the findings and rulings of the trial court. There is nothing in the record which says that or suggest that the trial court was in error in fixing the retroactive date to April 20, 2016.
For the foregoing reasons, I respectfully dissent.