# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

### 18-1001


**ELLA WALKER JOHNSON**

**VERSUS**

**GLENN R. JOHNSON, SR.**



**********

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 124282
HONORABLE LORI A. LANDRY, DISTRICT JUDGE

**********

**SHANNON J. GREMILLION**
**JUDGE**

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Shannon J. Gremillion, and John E. Conery, Judges.


**REVERSED AND RENDERED.**

**Dean J. Guidry**
**Attorney at Law**
**P. O. Box 5255**
**Lafayette, LA 70502**
**(337) 266-2250**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
    **Ella Walker Johnson**

**Glenda Maria August**
**Attorney at Law**
**129 West Pershing St.**
**New Iberia, LA 70560**
**(337) 369-7437**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Glenn R. Johnson, Sr.**

**GREMILLION, Judge.**

The plaintiff/appellant, Ella Walker Johnson, appeals the trial court's judgment terminating interim and permanent spousal support. For the following reasons, we reverse and render.

**FACTUAL AND PROCEDURAL BACKGROUND**

Ella filed for divorce from the defendant/appellee, Glenn Johnson, Sr., on April 10, 2014. Following an August 2014 conference, the hearing officer recommended that Glenn pay interim periodic support in the amount of $1,300.00 per month, retroactive to the date of demand. The hearing officer's recommendations were adopted as the final judgment of the trial court on September 11, 2014.

On October 17, 2014, Ella filed a "Motion and Order for Rule for Judgment of Past Due Alimony, Contempt, and Attorney Fees" claiming that Glenn was in arrears for $8,450.00 for failing to pay support from April 2014 through October 2014. A hearing officer conference took place in November 2014. The hearing officer's recommendations found Glenn in arrears in the amount of $6,760.00, and in contempt for failing to comply with the court order to maintain Ella's auto insurance. The hearing officer sentenced Glenn to thirty days in jail but suspended the sentence if certain financial conditions were met. Glenn and Ella both filed objections to the hearing officer's recommendations. Thereafter, Glenn filed a rule to show cause why divorce should not be granted. A judgment of divorce was granted and signed on February 4, 2015.

On March 23, 2015, Ella and Glenn entered into a "Consent Judgment," whereby Glenn was subject to an income assignment order in the amount of

$1,200.00 per month "for the payment of the interim spousal support obligation."[1] The consent judgment suspended the thirty-day sentence imposed on Glenn for contempt. It also included other conditions Glenn had to meet in order to make his past due arrearages current.

On June 13, 2018, Glenn filed a "Rule for Termination or Reduction of Spousal Support Payments to Ella Walker Johnson" due to job loss and a significant reduction in his monthly pay beginning in December 2016. Glenn prayed that "the payments for spousal support, previously ordered on March 23, 2015 . . . be eliminated; and, alternatively, that the amounts which Mover has been ordered to pay be eliminated or substantially reduced."

Following a July 24, 2018 conference, the hearing officer made certain findings of fact including that:

> 1. Plaintiff seeks final periodic spousal support. Defendant seeks to terminate the interim periodic spousal support, and he also submits that Plaintiff does not need final periodic spousal support and/or that he cannot afford to pay it.
>
> 2. The Hearing Officer notes that the finding and recommendations herein are strictly limited to whether Plaintiff has a need for final periodic spousal support, and whether Defendant has the ability to pay same[.]

The hearing officer's recommendation was that Glenn pay $300.00 per month in "final periodic support." Both parties objected to the hearing officer's recommendation.

The rule was set for August 6, 2018, to set the matter for trial on the merits. However, according to the reasons for ruling, the trial court had a light docket that day and heard testimony from the parties and ordered that assorted paperwork be sent to the trial court. Ella's counsel objected. On October 10, 2018, the trial court

---

[1] The "Consent Judgment" states that "THIS MATTER came before the court on December 17, 2014 on the plaintiff's Motion for Contempt."

2

rendered judgment terminating interim spousal support retroactive to February 4, 2015, on the basis that the divorce decree terminated interim spousal support and ordered that all wage assignments cease immediately.

A hearing was scheduled for December 13, 2018, to discuss credits and/or arrearages, however that has been delayed pending the appeal.

Ella assigns as error:

1. The trial court and Plaintiff-in-rule failed to give notice to Defendant-in-rule in a procedurally timely manner that the issue of retroactive termination of a consent judgment incidental to a contempt proceeding was at issue in violation of Article I, Sec. 2 of the Louisiana Constitution which guarantees every citizen the right not to be deprived of his property without due process of the law.

2. The trial court summarily, sue [sic] sponte, ruled on a cause of action for reimbursement based on a consent judgment incidental to a contempt proceeding, which cause of action is founded in unjust enrichment under La.C.C. Art. 2298, was not plead and cannot be adjudicated in a summary proceeding under La.C.C.P. Art. 2592, much less from the bench without a hearing.

## DISCUSSION

The trial court's written reasons for judgment summarize some of the procedural irregularities in this case (citation omitted):

A review of the Hearing Officer Recommendation clearly identifies the *Rule for Termination or Reduction of Spousal Support* as the proceeding before him on July 24, 2018. However, the hearing officer, inexplicably, expanded the pleadings in his handling of this matter as a request for final periodic support. Additionally, the hearing officer recommendation is silent on any agreement by the parties to expand these proceedings.

The fact that neither party objected to this expansion of the proceedings, does not allow this court to do the same. As such, the court will address the [sic] only interim spousal support as it was the only matter properly before the court on August 6, 2018. The review of the court record was initially at issue to trace the original judgement of spousal support to clear up the difference in amounts. A review of the entire official record produced one judgment of spousal support. That is the judgment ordering Mr. Johnson to pay interim spousal support to Ella Walker Johnson. It is the same judgment Mr. Johnson sought relief from in his recent filing. The only mention of "final support" was in Ella Walker Johnson's original petition for divorce.

3

Although mentioned, no action was ever taken to request or set final spousal support for hearing. As such, the matter before the court is the termination of interim spousal support for reasons stated herein.

### *The Hearing*

The trial court addressed its decision to have a hearing on the rule date wherein the parties would normally set the matter for a hearing date:

> The parties presented for the stated rule day without a need for interim orders but were having difficulty agreeing upon a merits day. As all parties were in court and the rule day was very light, the court offered to hear the matter. Mr. Guidry, attorney for Ella Walker Johnson, objected to going forward because he wanted to subpoena his client's nephew. After hearing his objections and the reason for the testimony, the court agreed to allow the witness to testify, if needed, at a later date. The court also considered Mr. Johnson's desire to move forward and the financial hardship; the presence of both parties; the inability of the parties to agree to another date and judicial economy before moving forward on August 6, 2018. The court requested supplemental documentation from the parties, and the matter was fully submitted on August 27, 2018.

Based on our findings below, the assignment of error relating to the trial court's failure to hold a full hearing is rendered moot.

### *Interim Spousal Support*

Louisiana Civil Code Article 113 was amended effective August 1, 2018,[2] but at the time of the order in question, it read (emphasis added):

> A. Upon motion of a party or when a demand for final spousal support is pending, the court may award a party an interim spousal support allowance based on the needs of that party, the ability of the other party to pay, any interim allowance or final child support obligation, and the standard of living of the parties during the marriage, which award of interim spousal support allowance *shall terminate upon the rendition of a judgment of divorce.*

---

[2] The legislature simplified Article 113, which now reads (emphasis added):

A. Upon motion of a party, the court may award a party interim spousal support based on the needs of that party, the ability of the other party to pay, any interim or final child support obligation, and the standard of living of the parties during the marriage. An award of interim spousal support *shall terminate one hundred eighty days from the rendition of a judgment of divorce,* except that the award may extend beyond one hundred eighty days for good cause shown.

B. An obligation to pay final periodic support shall not begin until an interim spousal support award has terminated.

B. *If a claim for final spousal support is pending at the time of the rendition of the judgment of divorce, the interim spousal support award shall thereafter terminate upon rendition of a judgment awarding or denying final spousal support or one hundred eighty days from the rendition of judgment of divorce, whichever occurs first.* The obligation to pay interim spousal support may extend beyond one hundred eighty days from the rendition of judgment of divorce, but only for good cause shown.

C. Notwithstanding Paragraph B of this Article, if a claim for final spousal support is pending at the time of the rendition of a judgment of divorce pursuant to Article 103(4) or (5) and the final spousal support award does not exceed the interim spousal support award, the interim spousal support award shall thereafter terminate no less than one hundred eighty days form the rendition of judgment of divorce. The obligation to pay final spousal support shall not begin until after an interim spousal support award has terminated.

### *Consent Judgment*

The consent judgment of March 2015 stated that, "This withholding shall continue until modified or terminated by the Court[.]"

A consent judgment is a bilateral contract which is voluntarily signed by the parties and accepted by the court. *Durfee,* 44,281, p. 4, 12 So.3d at 987–988. (Citations omitted.) It has binding force from the voluntary acquiescence of the parties. *Id.* A contract is unlawful when the enforcement of the obligation would produce a result prohibited by law or against public policy. *Id.*

Whether the amount of spousal support awarded through a consent judgment can be modified depends upon the language employed in the consent judgment. *Ray v. Ray,* 2005–0873, p. 5 (La.App. 1 Cir. 3/23/07), 960 So.2d 174, 178. To bar modification of the duration and/or amount of spousal support, the consent judgment must evidence clear intent of the parties to do so. *Id.*

*Gebhard v. Gebhard*, 10-1412, p. 6 (La.App. 4 Cir. 2/16/11), 60 So.3d 717, 721. *See also Pellerin v. Pellerin*, 17-946 (La.App. 3 Cir. 6/6/18) 249 So.3d 77. We find the consent judgment, which was voluntarily entered into by the parties, satisfied the good cause shown requirement of Article 113(B). The consent judgment served to extend the obligation of interim spousal support beyond that period provided for by operation of law. *Pellerin*, 249 So.3d 77.

5

It is clear from the pleadings that Glenn never had any intention to retroactively void the payments he had made to Ella for the previous three years pursuant to the consent judgment because Glenn's motion was for a reduction and/or termination of the payment going forward due to decreased income. He did not plead for retroactive reimbursement from the date of divorce. The consent judgment remained in effect between the parties at the time the trial court rendered its judgment. Accordingly, we reverse the trial court's judgment terminating the interim spousal support award retroactive to February 4, 2015, the date the divorce was final.

In the interest of judicial economy, we are able to render judgment based on the record in evidence. We find the interim spousal support award terminated on the date the trial court rendered judgment, October 10, 2018, based on the evidence in the record that Glenn's pay had been substantially reduced and Ella began receiving payments from the Social Security Administration in January 2018.

*Final Support*

With the matter of interim spousal support disposed of, we are left with the issue of final support. From the record, it can only be determined that the hearing officer made recommendations as to final support "pursuant to a Rule for Termination or Reduction of Spousal Support Payments to Ella Walker Johnson." A party must specifically plead for final support; a general prayer for relief is inadequate. *Holly v. Holly*, 18-207 (La.App. 3 Cir. 9/26/18), 255 So.3d 1158. Because final support was not specifically pled for by Ella, the hearing officer's recommendation of $300.00 in final support is a nullity. We note, however, that Ella does not forfeit her right to assert a claim for final support even if the divorce has been granted. *See Dubourg v. Parisy*, 291 So.2d 441 (La.App. 4 Cir. 1974) and *Scott v. Scott*, 579 So.2d 1094 (La.App. 2 Cir. 1991).

6

## CONCLUSION

The judgment of the trial court terminating interim spousal support retroactively to the date of the judgment of divorce is reversed. Interim spousal support is terminated effective October 10, 2018. The hearing officer's recommendation of $300.00 in final support is a nullity. Costs of this appeal are shared equally between the parties.

**REVERSED AND RENDERED**.